Porter and Ballard agt. Jones.

The cause was placed upon the calendar of March term, and also upon that of the present term for argument. A motion was made at this term, on the part of the respondent to dismiss the appeal, with costs, on the ground that the amendments made at the last session of the legislature to the 11th section of the Code of Procedure deprived the Court of Appeals of the power to review orders granting new trials.

> C. VAN SANTVOORD, *Attorney*, and
> N. HILL JR., *Counsel for Respondent.*
>
> JOHN M. PLATT, *Attorney*, and
> BENJAMIN W. BONNEY, *Counsel for Appellants*.

------

# COURT OF APPEALS.

PORTER AND BALLARD appellants agt. JONES Sh'ff, &c, respondent.

Where the appellants brought a regular appeal from an order of the Supreme Court granting a new trial upon a bill of exceptions, previous to the act of April 16, 1852, repealing *sub.* 4, § 11 of the Code, which authorized such appeals, and subsequent to a decision of this court allowing such appeals to be dismissed *without costs* to either party (not then reported—see Gale and Wisner agt. Wells, *ante p.* 191), the appellants served an offer in writing upon the respondent's attorney, to dismiss their appeal without costs to either party, which was declined: *Held,* that although the appellants were entitled to such an order, yet the respondent ought not to pay the *costs of the motion* to dismiss, for the reason that the respondent's attorney could not have reasonably been supposed to have then known and become acquainted with the late decision of this court.

*September Term,* 1852.  *Motion by appellants for leave to dismiss their appeal without costs of the appeal to either party, but with the costs of this motion to be paid by respondent.*

Porter and Ballard agt. Jones.

The appeal in this case was taken upon a *bill of exceptions,* from an order of the Supreme Court *granting a new trial.* It was perfected on the 4th day of May 1852. Both parties noticed the appeal for argument at the last June term of this court; and on the 10th day of June 1852, the appellants served upon the respondent copies of the printed case.

The appellants' attorney in September 1852, served upon the respondent's attorney a notice as follows: (Title of the cause.) " Take notice that the appellants hereby offer to dismiss the appeal taken in this cause, without costs to either party, in accordance with the decision of the court in like cases. N. Y. Sept. 29, 1852. Yours, &c.

EDW. W. MARSH, *Att'y for Appellants.*

To Augustus L. Brown, Esq. *Att'y for Respondent.*"

The respondent's attorney declined to accept the offer, and insisted upon payment of costs of the appeal.

The appellants now make this motion.

R. W. PECKHAM, *for Motion.*

N. HILL JR., *Opposed.*

By the Court, JOHNSON, J.—The new trial below was granted upon a bill of exceptions. Under our decision in Moore and Westervelt, March T. 1852, an appeal might properly be brought in such a case. The point there decided being that where the new trial was granted upon a case in the court below, an appeal would not lie. An appeal was accordingly lawfully brought on the 4th day of May 1852. The act of April 16, 1852, amending the Code and taking away our jurisdiction to review any decision granting a new trial, even when made upon a bill of exceptions, did not take effect until May 6, 1852. It was not until the June term that we were called upon to say whether the effect of that act was to take away our power to hear appeals which were lawfully taken before the repeal of *sub.* 4, § 11 of the Code, by the act of April 16, 1852, and our decision on the point has not yet been reported. The appellant was therefore, at the time of his offer to dismiss his appeal without costs, entitled to an order to that effect. His appeal having been regular when taken, and he having taken no step in the cause after our

decision was made, we do not think costs should be given against the respondent for declining to allow the appeal to be dismissed without costs; it not appearing that our decision was known to him, and it having been so recently made that he could not reasonably be supposed to have become acquainted with it.